UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| **SCOTT ROSENHOOVER,** individually and on behalf of all others similarly situated, | § § § § | Docket No. _____ |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| **PRO OIL & GAS SERVICES, LLC** | § § | CLASS/COLLECTIVE ACTION |
| Defendant. | § § § | PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Scott Rosenhoover ("Plaintiff") bring this lawsuit to recover unpaid overtime wages and other damages from Pro Oil & Gas Services, LLC ("Defendant") under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.104.

2. Plaintiff worked for Defendant as a wireline operator.

3. Plaintiff and the other workers like them regularly worked for Defendant in excess of forty (40) hours each week.

4. Defendant failed to compensate Plaintiff and all other similarly situated hourly employees using an overtime rate derived from a formula based on all remuneration received. Instead of using all remuneration received to calculate Plaintiff's regular and overtime rate of pay, Defendant improperly excluded certain non-discretionary bonuses from the calculations, thereby depriving Plaintiff and all those similarly situated of overtime pay at an appropriate rate of pay.

5. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

9. Plaintiff worked for Defendant in this District and Division and Defendant conducts substantial business operations in this District and Division, specifically Hermitage, Pennsylvania in Mercer County.

## III. THE PARTIES

10. Plaintiff worked for Defendant as a wireline operator from approximately September 2017 to January 2019. As a wireline operator, Plaintiff spent his time operating and monitoring wireline equipment to lower and raise equipment or measurement devices into the well for the purposes of well intervention, reservoir evaluation, and pipe recovery.

11. Plaintiff worked for Defendant in Pennsylvania.

12. Throughout his employment with Defendant, Plaintiff regularly worked in excess of 40 hours a week without receiving overtime pay calculated at a rate based on all remuneration received.

13. Plaintiff's consent to be a party plaintiff is attached as Exhibit A.

14. Plaintiff brings this action on behalf of himself and all other similarly situated hourly employees.

15. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES OF PRO OIL & GAS SERVICES LLC DURING THE PAST THREE (3) YEARS THAT RECEIVED HOURLY PAY AND A NON-DISCRETIONARY BONUS.** ("Putative Class Members")

16. Plaintiff also seeks class certification of such a class under FED. R. CIV. P. 23 under the PMWA.

17. Defendant **Pro Oil & Gas Services LLC** is corporation doing business throughout the United States, including Pennsylvania. Defendant may be served by serving its registered agent for service of process, **CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.**

## IV.   COVERAGE UNDER THE FLSA

18. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that Defendant has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

21. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V.   FACTS

22.     Plaintiff and all those similarly situated to him worked for Defendant in the oilfield as hourly employees. Plaintiff and all those similarly situated to him regularly worked in excess of 40 hours a week.

23.     Plaintiff and all those similarly situated to him were eligible to receive and did in fact receive non-discretionary bonuses. These non-discretionary bonuses consisted of, but were not limited to, Ticket Bonuses, Stage Bonuses, Completion Bonuses and/or Performance Bonuses.

24.     Under the FLSA, Ensign was required to include these non-discretionary bonuses in calculating the Putative Class Members regular rate of pay for overtime purposes. 29 U.S.C. § 207(e); 29 C.F.R. §778.209. However, Defendant improperly excluded these non-discretionary bonuses from the regular rate of pay, and as a result Plaintiff and the Putative Class Members were not paid overtime at the proper overtime rate required by federal law.

## VI.   FLSA VIOLATIONS

25.     As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

26.     Defendant's pay policy denied Plaintiff and the Putative Class Members overtime compensation at a rate based on all remuneration received as required by the FLSA.

27.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. Defendants failure to pay correct overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

28. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their total rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. PMWA Violations

29. Plaintiff brings this claim under the PMWA as a Rule 23 class action.

30. The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

31. At all relevant times, Defendant was subject to the requirements of the PMWA.

32. At all relevant times, Defendant employed Plaintiff and the Putative Class Members as an "employee" within the meaning of the PMWA.

33. The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and the Putative Class Members are entitled to overtime pay under the PMWA.

34. Plaintiff and the Putative Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

35. Plaintiff and the Putative Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

### VIII. Class and Collective Action Allegations

36. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the Putative Class Members.

37. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

38. Numerous other individuals who worked with Plaintiff indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

39. Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on the Putative Class Members.

40. Defendant's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

41. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

42. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

43. Plaintiff has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiff has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

44. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

45. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor laws.

46. Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

47. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

48. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Defendant's decision to not pay time and a half for overtime based upon total remuneration to the Putative Class Members was made in good faith;

   b. Whether Defendant's violation of the FLSA and PMWA was willful; and

   c. Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

49. Plaintiff's claims are typical of the claims of the Putative Class Members. Plaintiff and the Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

50. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

51. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## IX.   JURY DEMAND

52. Plaintiff demands a trial by jury.

## X.   RELIEF SOUGHT

53. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

   individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

d. For an Order appointing Plaintiff and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

           Respectfully submitted,

           By: */s/ Andrew W. Dunlap*
             **Michael A. Josephson**
             Pennsylvania Bar No. 308410
             **Andrew W. Dunlap**
             Texas Bar No. 24078444
             **William R. Liles**
             Texas Bar No. 24083395
             *(Pending Pro Hac)*
             **Josephson Dunlap Law Firm**
             11 Greenway Plaza, Suite 3050
             Houston, Texas 77046
             713-352-1100 – Telephone
             713-352-3300 – Facsimile
             mjosephson@mybackwages.com
             adunlap@mybackwages.com
             wliles@mybackwages.com

              **AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

Joshua P. Geist
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412)766-0300
josh@goodrichandgeist.com

**Attorneys in Charge for Plaintiff**